**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **ROBERT HOSSFELD SR.,** <br> **individually and on behalf of all others** <br> **similarly situated,** <br>  *Plaintiff*, <br><br> **v.** <br><br> **NORTH AMERICAN CREDIT** <br> **SERVICES, INC.,** <br>  *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

§ **CIVIL ACTION NO. 16-386**

§ **COMPLAINT – CLASS ACTION**

<u>**ORIGINAL CLASS ACTION COMPLAINT**</u>

***Jury Trial Requested***

Plaintiff Robert Hossfeld Sr. (hereinafter "Plaintiff") files this Original Class Action Complaint.  Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant North American Credit Services, Inc. of the Telephone Consumer Protection Act, 47 U.S.C.A § 227 *et seq.* (hereinafter "TCPA"); Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 *et seq.* (hereinafter "FDCPA) and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant North American Credit Services, Inc. from its unlawful conduct.

**I.**
**PARTIES**

1.      Plaintiff Robert Hossfeld Sr. is a natural person who resides in Bell County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2.      North American Credit Services, Inc. (hereinafter referred to as "Defendant") is a Tennessee corporation registered with the Texas Secretary of State which operates as a collection agency, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).   Its principal place of business is at 2810 Walker Road, Suite 100, Chattanooga, Tennessee 37421-1082 USA.  North American Credit Services, Inc. may be served by serving its registered agent for process, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3.      All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

4.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  Plaintiff alleges several nationwide classes, which will result in at least one class member from each class belonging to a state different than the state in which the Defendant is deemed to reside.

5.      Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6.      Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because the Plaintiff has resided in this District at all times relevant to these claims.

## III.
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692 *et seq.*

7.      In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).    "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt."  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).  Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages."  *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted).  "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

## IV.
## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## ("TCPA"), 47 U.S.C. § 227

8.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone dialing equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. [2]

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

11.     The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dealer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call. [4]

12.     Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." [5]

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

[5] *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, *citing to* 2003 TCPA Order, 18 FCC Rcd at 14093, para. 133.

## V.
## FACTS RELATED TO PLAINTIFF ROBERT HOSSFELD SR.

13.     On or before January 21, 2015 an obligation (the "Debt") was allegedly incurred by Plaintiff to the original creditor, Metroplex Hospital ("Creditor").

14.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

15.     Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

16.     On or before January 21, 2015 the Debt was assigned to, purchased by, or transferred to Defendant for collection, or Defendant was employed by Creditor to collect the Debt.

17.     Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

18.     Defendant contends that the Debt is in default.

19.     On or about January 21, 2015 Defendant called Plaintiff on his cell phone in an attempt to collect the Debt.

20.     On or about January 21, 2015, Plaintiff requested that Defendant stop calling Plaintiff's cell phone. During this conversation, Defendant agreed to contact Plaintiff via mail. Additionally, the Defendant's representative admitted that Defendant used autodialers.

21.     Meanwhile, Plaintiff had made arrangements with Metroplex Hospital to pay $100 a month and has not missed a payment.

22.     Despite its promise to cease the calls to Plaintiff's cell phone, Defendant began making calls to Plaintiff's cellular telephone number.  Each of these calls constituted a "communication"

as defined by 15 U.S.C. § 1692(a)(2) and "debt collection" as defined by Tex. Fin. Code § 392.001(5).

23.     On information and belief, Defendant utilized a predictive dialer, a type of dialer which the FCC has explicitly found to be a type of "automatic telephone dialing equipment." (See *supra*, ¶¶ 11-12).

24.     Defendant's automated telephone dialing system made calls to the Plaintiff's cellular telephone number on numerous and repeated occasions including, but not limited to, the following.[6]

> a. 07/17/15, 9:13 am
>
> b. 08/19/15, 2:36 pm
>
> c. 09/10/15 6:53 pm
>
> d. 09/16/15, 10:48 am
>
> e. 09/22/15, 10:24 am
>
> f. 09/23/15, 5:30 pm
>
> g. 09/24/15, 10:22 am
>
> h. 09/25/15, 10:22 am
>
> i. 09/25/15, 4:00 pm
>
> j. 09/29/15, 7:00 pm
>
> k. 10/02/15, 1:43 pm
>
> l. 10/6/15, 1:48 pm
>
> m. 10/9/15, 9:17 am

---

[6] Each of the following times are listed in Mountain Standard Time; Plaintiff has "screen shots" of each of these calls that will be produced in discovery in this matter.

      n.  10/15/15, 11:42 am

      o.  10/16/15, 1:40 pm

      p.  10/20/15, 5:40 pm

      q.  10/23/15, 1:43 pm

      r.  10/27/15, 3:26 pm

      s.  10/28/15, 4:57 pm

      t.  10/29/15, 10:34 am

      u.  10/30/15, 1:49 pm

      v.  11/02/115, 10:42 am

      w.  11/03/15, 11:25 am

      x.  11/03/15, 3:54 pm

      y.  11/05/15, 11:48 am

      z.  11/12/15, 3:47 pm

      aa. 11/22/15, 2:04 pm

25.     47 U.S.C. § 227(b)(1) prohibits the use of automated telephone dialing systems for non-emergency purposes to make a call to any telephone number assigned to a cellular telephone service.

26.     On each of the aforementioned dates and times and, upon information and belief, other times as well, Defendant contacted Plaintiff on Plaintiff's cellular telephone service by using an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

27.     Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the TDCA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28.     The telephone number Defendant called was assigned to a cellular telephone service.

29.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

30.     Defendant placed the telephone calls to Plaintiff's cellular telephone service through use of an automated telephone dialing system in violation of 47 U.S.C. § 227(b)(1).

31.     Defendant willfully or knowingly placed the telephone calls to Plaintiff's cellular telephone service through use of an automated telephone dialing system in violation of 47 U.S.C. § 227(b)(3)(c).

32.     15 U.S.C. § 1692(d) prohibits a debt collector from using any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. This specifically includes a prohibition against "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692(d)(5).

33.     TEX. FIN. CODE § 392.302(4) prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number" while engaged in debt collection.

34.     The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

35.     The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## VI.
## CLASS ALLEGATIONS

36.     This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

a.   TCPA Class: All persons who reside within the United States and who were called by Defendant from September 27, 2012 though the present, in an attempt to collect a debt, using an automatic telephone dialing system, where the call was placed to the person's cellular telephone number that Defendant did not obtain either from a creditor or directly from the person himself or herself and/or where the call was placed to the person's phone number after the person had revoked prior express consent.

b.   FDCPA Class: All persons who reside in the United States and from whom, on or after September 27, 2015 Defendant sought to collect, or did collect, a consumer debt and to whom Defendant placed a telephone call

c.   TDCA Class: All persons who reside within Texas and who were called by Defendant from September 27, 2014 through the present.

Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households.  Also excluded are employees of Defendant, their spouses, and any minor children living in their households.  Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

37.   The unlawful actions of Defendant entitle Plaintiff and each Class Member to actual and statutory damages as well as injunctive relief.

38.   The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff.  However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

39.   Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law.  Plaintiff understands and appreciates his duties to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

40.    Plaintiff is asserting claims that are typical of the claims of each Class Member he seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each Class Member he seeks to represent in the same manner—and utilizing the same method—as Defendant utilized against the Plaintiff.  All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

41.    There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all members of each of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of each of the Classes. Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

    a.  Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

    b.  Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(d)(5); and

    c.  Whether Defendant is liable for damages and the amount of such damages.

42.    Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

    a.  Whether Defendant is a "debt collector" as that term is defined by the Texas Debt Collection Practices Act;

    b.  Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.302(4);

    c.  Whether Defendant is liable for damages and the amount of such damages; and

    d.  Whether Defendant should be enjoined from engaging in such conduct in the future.

43.    Issues of law and fact common to members of the TCPA class include, but are not limited to, the following:

a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

b. Whether such practice violates the TCPA;

c. Whether Defendant's conduct was knowing and willful;

d. Which services or processes Defendant employed to obtain class members' cellular telephone numbers;

e. Which technologies or services were available to Defendant to enable it to differentiate between wireless numbers and wireline numbers;

f. Whether Defendant is liable for damages and the amount of such damages; and

g. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. The relief sought by each Class Member is common to the entirety of each respective class.

45. Defendant has acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

46. This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

47. For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

48. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

a.  significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

b.  the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

c.  without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

d.  class treatment is required for optimal deterrence;

e.  despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

f.  no unusual difficulties are likely to be encountered in the management of this class action;

g.  absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

h.  absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendant's illegal conduct.

49.   Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VII.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51.   Defendant is a debt collector as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

52.     Plaintiff is a consumer as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

53.     The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

54.     Defendant's conduct violated 15 U.S.C. § 1692(d)(5) in that Defendant caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number by repeatedly or continuously calling Plaintiff with the intent to annoy, abuse, or harass at the called number.

55.     Congress enacted the FDCPA to prevent real harm.  Under the FDCPA, the Plaintiff has a statutory right to not be subjected to harassing calls.  The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these "concrete, de facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).  Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

56.     As a result of Defendant's violations of 15 U.S.C. § 1692(d)(5), Plaintiff and FDCPA Class members are each entitled to actual and statutory damages.

57.     Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT,
## TEX. FIN. CODE § 392.001, *et seq.*

58.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59.     The acts of Defendant constitute violations of the TDCA.  *See* TEX. FIN. CODE § 392.001 *et seq.*

60.     Defendant is a "debt collector" as defined by the TDCA.  *See* TEX. FIN. CODE §392.001(6).

61.     Plaintiff is a "consumer" as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(1).

62.     The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

63.     The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

64.     Specifically, TEX. FIN. CODE § 392.302(4) states, in pertinent part, that a debt collector is prohibited from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number while engaged in debt collection.

65.     Defendant's conduct violated TEX. FIN. CODE § 392.302(4) by repeatedly or continuous making phone calls to Plaintiff, and Defendant acted with the intent to harass Plaintiff at the called number while engaged in debt collection.

66.     As a result of Defendant's violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

67.     Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief pleaded herein.

### COUNT THREE
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 *ET SEQ.*

68.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

69.     76.87. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system."  TCPA § 227(b)(A)(iii).

70.     Defendant made telephone calls to plaintiff's cell phone using an automatic telephone dialing service without consent, which was prohibited by the TCPA.

71.     Defendant negligently disregarded the TCPA in using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephones without express consent.

72.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 et seq.

73.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[7]

74.     Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

75.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line.

76.     Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

77.     Defendant harassed Plaintiff by incessantly calling Plaintiff's telephone.

78.     Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

---

[7] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also Mims v. Arrow Fin. Servs., L.L.C., 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

79.      Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

80.      Defendant's phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

81.      As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT FOUR
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.A. § 227 *ET SEQ.*

82.      Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

83.      Defendant knowingly and/or willfully disregarded the TCPA by using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephone without express consent.

84.      The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

85.      Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[2]

86.      Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

87.      Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line.

88.     Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

89.     Defendant harassed Plaintiff by incessantly calling Plaintiff's telephone.

90.     Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

91.     Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

92.     Defendant's phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

93.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

## VIII.
## VICARIOUS LIABILITY

94.     At all times relevant hereto, the individual debt collectors who contacted, attempted to contact, controlled or programmed Defendant's automatic telephone dialing system and/or attempted to communicate with Plaintiff and the Class Members, were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the TCPA, FDCPA and TDCA and proximately caused damages to Plaintiff and each member of the classes as described herein.

## IX.
## JURY REQUEST

95.     Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

a.   Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

    b. Declaring:

        i. Defendant's actions violated the FDCPA;
        ii. Defendant's actions violated the TCPA;
       iii. Defendant's actions violated the TDCA;

    c. Enjoin Defendant from committing further violations of the FDCPA, the TCPA and the TDCA;

    d. Awarding Plaintiff and Class Members actual and statutory damages and penalties under the FDCPA, the TCPA and the TDCA;

    e. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs; and

    f. Granting such other relief that equity and the law deems appropriate.

Dated:  September 27, 2016           Respectfully submitted,

                             By: /s/ Sam Kinslow
                             Sam Kinslow
                             TX State Bar No. 11490300
                             **SMITH & BRATCHER, P.C.**
                             P.O. Box 21473
                             Waco, Texas  76702-1473
                             Telephone: 254-751-0044
                             Facsimile: 254-751-0049
                             Email: samkinslow@hot.rr.com

                             Walt D. Roper
                             TX State Bar No. 00786208
                             **THE ROPER FIRM, P.C.**
                             3001 Knox Street, Suite 405
                             Dallas, TX 75205
                             Telephone: 214-420-4520
                             Facsimile: 1+214-856-8480
                             Email: walt@roperfirm.com

                             *(PRO HAC VICE ADMISSION PENDING)*

                             **ATTORNEYS FOR PLAINTIFF**